# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendants. | Civil Action No.: 14-cv-7320 (PGS) (LHG)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion for reconsideration of the Court's June 23, 2016 decision affirming the ALJ's decision denying Plaintiff's application for Disability Insurance Benefits.

In the initial brief in support of the complaint, Plaintiff's sole argument was that the ALJ erred at step four by finding that Plaintiff could perform his past relevant work as a real estate agent (Pl.'s Br. at 3-7). Past relevant work is work that a claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn it. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). If a claimant can still do his past work, given his severe impairments and his Residual Functional Capacity (RFC), he is deemed not disabled. 20 C.F.R. §§ 404.1520(e),(f), 404.1560(b)(3). In his original argument, Plaintiff did not argue that Plaintiff's functional (reaching) limitation was a "non-exertional limitation" requiring the ALJ to employ a vocational expert in determining Plaintiff's disability. However, in his motion for reconsideration, Plaintiff argues that the Court erred because:

> The essence of the Court's Opinion in this case is that Plaintiff's uncontested functional limitation precluding anything more than occasional overhead reaching was not a non-exertional limitation (Opinion at 9). The reasoning continues that because this is so, there was no legal error in the ALJ failing to consult a vocational expert (VE) here (Opinion at 9). With great respect, it must be stated directly

> that the Court's crucial finding that a reaching limitation is not a non-exertional functional limitation is unquestionably erroneous as a matter of law.

## Motion for Reconsideration- Standard of Review

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). "The "extraordinary remedy" of reconsideration is "to be granted sparingly." A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc., 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting NL Indus., Inc., v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." Damiano v. Sony Music Entertainment, Inc., 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting Florham Park Chevron, Inc., v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc., 935 F. Supp. at 516; See Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. See, *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987). See *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).

Whether or not the Court erred by stating that the reaching limitation was "non-exertional" does not change the decision. That is because the ALJ's inquiry stopped at Step 4 wherein he found that Plaintiff was able to perform his past relevant work as a real estate agent. See 20 C.F.R. §§ 404.1520, 416.920 (If a decision can be reached at any step in the sequential evaluation process, further evaluation is unnecessary).

It is Plaintiff's burden at step four to demonstrate that he lacked the residual functional capacity (RFC) to perform his past relevant work. *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). Here, the substantial evidence supports the ALJ's finding that Plaintiff could perform his past relevant work.

Plaintiff also argues that "in fact, because there was no vocational expert (VE) testimony here at all, without the DOT (Dictionary of Occupational Titles) there would be no possible legal basis whatsoever for the ALJ's step 4 determination." If the Plaintiff can perform his past relevant work, the analysis stops. The ALJ need not proceed to Step 5. It is at Step 5 where the vocational expert may be engaged to analyze any non-exertional limitations.

Here, the ALJ also found that Plaintiff's subjective complaints and his alleged symptoms were not entirely credible based upon medical findings and other available information. *Jenkins v. Commissioner*, 2006 U.S. App. Lexis 21295 (3d Cir. 2006). Generally, the credibility of witnesses is quintessentially the province of the ALJ. Since "credibility determinations are the unique province of a fact finder" in reviewing the record as a whole, I do not find any substantive reason to reverse the determination. See generally, *Dardovitch v. Haltzman*, 190 F.3d 125 (3d Cir. 1999) (internal quotation omitted). Inasmuch as the Administrative Law Judge had the opportunity to observe demeanor and determine credibility of witnesses, her findings are conclusive. See *Wier v. Heckler*, 734 F. 2d 955, 962 (3d Cir. 1984). See also, Social Security Ruling 96-7, 20 C.F.R. 404.1529 and 20 C.F.R. 416.969. .

In this case, the ALJ's inquiry stopped at Step 4. Even with the Court's misstatement that the reaching limitation was not "non-exertional", the ALJ's opinion, finding that Plaintiff was not disabled at Step 4, is within the substantial evidence of the record.

ORDER

IT IS on this 26th day of November, 2018;

ORDERED that Plaintiff's motion for reconsideration (ECF No. 20) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.